# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROCKY JAMES,

    Plaintiff,

vs.

NDOC MEDICAL, et al.,

    Defendants.

Case No. 2:10-CV-01724-GMN-(PAL)

**ORDER**

        Plaintiff, who is a prisoner in the custody at the High Desert State Prison, has submitted an application to proceed in forma pauperis (#1). The court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must still pay the filing fee through monthly installment payments. 28 U.S.C. § 1915(b)(2).

        Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, which is attached to the application (#1), and a proposed amended complaint (#2). The proposed amended complaint (#2) supersedes the original complaint, and plaintiff has waived the claims in the original complaint that he did not re-allege in the amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The court dismisses defendant Clark from this action because plaintiff does not mention her anywhere in the proposed amended complaint (#2).

        The court has reviewed the proposed amended complaint (#2). The court will dismiss the defendant NDOC Medical, and the court will ask the Attorney General of the State of Nevada whether she can accept service of process on behalf of the remaining defendants. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6)

is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

The defendant NDOC Medical is not a proper defendant in this action. Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . (emphasis added)

The State of Nevada and any governmental entity that is considered an "arm of the State" for Eleventh Amendment purposes are not "persons" within the meaning of the term. Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989); Doe v. Lawrence Livermore Nat. Laboratory, 131 F.3d 836 (9th Cir. 1997). Consequently, the court dismisses defendant NDOC Medical.

In both counts, plaintiff claims that defendants are ignoring problems related to his incontinence. Deliberate indifference is the standard for determining whether defendants have violated plaintiff's rights. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In count 1, plaintiff alleges that his unit has three tier groups, and the times for showering rotate daily among the three groups. On one day, his group would shower at 8:00 a.m., on the next day, his group would shower at noon, and on the third day his group would shower around 6:00 p.m. or 7:00 p.m. Plaintiff he asked defendant Owens, a senior correctional officer, whether Owens would let him shower every morning, presumably to remove the night's unfortunate

products of his incontinence. Ultimately, defendant Owens refused. Given the nature of plaintiff's condition, he has stated a claim that defendant Owens was deliberately indifferent to plaintiff's medical condition.

In count 2, plaintiff alleges that his cellmate is unhappy about plaintiff's incontinence, apparently to the point of threatening violence. Plaintiff alleges that he informed defendant Baca about this problem. Plaintiff asked for a transfer to a cell with another inmate who knew about plaintiff's condition and was willing to live with plaintiff. Plaintiff has stated a claim that defendant Baca was deliberately indifferent to a serious risk to his safety.

IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma pauperis (#1) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #94669), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The clerk shall send a copy of this order to the finance division of the clerk's office. The clerk shall also send a copy of this order to the attention of the chief of inmate services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that defendants NDOC Medical and Clark are **DISMISSED** from this action.

IT IS FURTHER ORDERED that the clerk of the court shall file the proposed amended complaint (#2).

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto,

Attorney General for the State of Nevada, as counsel for defendants.

IT IS FURTHER ORDERED that the clerk shall send electronically serve defendants with a copy of this order and the amended complaint. The Attorney General shall advise the court within twenty (20) days from the date that this order is entered whether service of process for the named defendants is accepted. If the Attorney General accepts service of process for any of the defendants, such defendant(s) shall file and serve an answer or other response to the complaint within thirty (30) days of the date of the notice of acceptance of service. If service cannot be accepted for any of the named defendants, then plaintiff will need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying a full name and address for said defendant(s). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that this order is entered.

IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED this 10th day of January, 2011.

_____
Gloria M. Navarro
United States District Judge